MICHAEL J. STORTZ (SBN 139386)
michael.stortz@dbr.com
MARSHALL L. BAKER (SBN 300987)
marshall.baker@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California  94105-2235
Telephone:     415-591-7500
Facsimile:     415-591-7510

E. PAUL CAULEY, JR. (*pro hac vice*)
paul.cauley@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201-7367
Telephone:     469-357-2500
Facsimile:     469-327-0860

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHELLE FALK, INDHU JAYAVELU, PATRICIA L. CRUZ, DANIELLE TROTTER, CYNTHIA GARRISON AND AMANDA MACRI, individually and on behalf of all others similarly situated,

               Plaintiffs,

       v.

NISSAN NORTH AMERICA, INC.,

               Defendant.

Case No. 4:17-cv-04871-HSG

**DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date:      January 11, 2018
Time:      2:00 p.m.
Ctrm:      2 – 4th Floor
Judge:     Hon. Haywood S. Gilliam, Jr.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

CASE NO. 4:17-CV-04871-HSG

## **NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 11, 2018 at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Judge Haywood S. Gilliam, Jr. in Courtroom 2 on the 4th Floor of the United States District Court for the Northern District of California, 1301 Clay St., Oakland, California 94612, Defendant Nissan North America, Inc. will and hereby does move this Court for an Order dismissing portions of Plaintiffs' First Amended Complaint (Dkt. No. 19) ("FAC").

This Motion seeks dismissal of Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that Plaintiffs have failed to state a claim upon which relief can be granted as to their claims for:

(1)      breach of express warranty under applicable state law (as to all Plaintiffs) (FAC Count 1);

(2)      breach of implied warranty under applicable state law (as to Plaintiffs Jayavela, Cruz, Trotter, and Macri) (FAC Count 2);

(3)      violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (as to Plaintiffs Jayavela, Cruz, Trotter, and Macri) (FAC Count 3);

(4)      violation of the Colorado Consumer Protection Act, Col. Rev. Stat. § 6-1-101, *et seq.* (FAC Count 9);

(5)      violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws, ch. 93A, *et seq.* (FAC Count 10);

(6)      violation of the New York Consumer Protection Statute, N.Y. Gen. Bus. Law § 349, *et seq.* (FAC Count 8);

(7)      violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.* (FAC Count 7);

(8)      unjust enrichment (as to all Plaintiffs) (FAC Count 15);

(9)      equitable and injunctive relief (as to all Plaintiffs) (FAC Counts 1 through 13 and Count 15);

1    (10)    restitution (as to all Plaintiffs) (FAC Counts 1 through 13 and Count 15); and

2    (11)    declaratory relief (as to all Plaintiffs) (FAC Counts 13 and 14).

3    This Motion is based upon this Notice, the accompanying Memorandum of Points and

4    Authorities, the Request for Judicial Notice and exhibits thereto, as well as all papers and

5    pleadings on file or deemed to be on file herein, and such argument as may be presented at the

6    hearing.

7

8    Dated: October 26, 2017                         DRINKER BIDDLE & REATH LLP

9

10                                                    By: /s/ Michael J. Stortz
                                                          Michael J. Stortz
11                                                        Marshall L. Baker
                                                          E. Paul Cauley, Jr. (*pro hac vice*)
12
                                                      Attorneys for Defendant
13                                                    NISSAN NORTH AMERICA, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                  - 2 -                    CASE NO. 4:17-CV-04871-HSG

## <u>TABLE OF CONTENTS</u>

**Page**

STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 2

I. INTRODUCTION ......................................................................................................... 2

II. BACKGROUND........................................................................................................... 3

    A.    Plaintiffs' Alleged Defect. ................................................................................. 3

    B.    Plaintiffs Assert Claims Under State and Federal Law, and Seek Both
           Equitable and Legal Remedies. ........................................................................ 5

          1.    Plaintiffs Assert Fifteen Claims in the FAC .......................................... 5

          2.    Plaintiffs Seek Equitable Relief and Claim Remedies at Law .................... 7

III. STANDARD OF REVIEW ......................................................................................... 7

IV. ARGUMENT ............................................................................................................... 8

    A.    Plaintiffs, Who Fail to Allege a Defect in Materials and Workmanship, Do
           Not State a Claim for Breach of Express Warranty (Count 1).............................. 8

    B.    Certain Plaintiffs Fail to State a Viable Claim for Breach of Implied
           Warranty (Count 2). ........................................................................................ 10

          1.    Pleadings Establish That Vehicles Owned by Plaintiffs Jayavela,
                  Cruz, Trotter, and Macri Are Merchantable as a Matter of Law. ............. 10

          2.    Plaintiffs Jayavela, Cruz, and Macri Lack the Necessary Privity to
                  State an Implied Warranty Claim.......................................................... 12

    C.    The Magnuson-Moss Act Claims Fail in the Absence of a Viable Breach of
           Warranty Claim (Count 3). .............................................................................. 12

    D.    Plaintiff Trotter's Claims are Barred by the Statute of Limitations (Counts
           1 through 3 and Count 9). ............................................................................... 13

          1.    Breach of Warranty Claims (Counts 1 through 3) .................................... 13

          2.    Consumer Protection Act Claims (Count 9) ............................................ 14

    E.    Plaintiff Trotter Fails to State a Viable Class Claim for Violation of the
           Colorado Consumer Protection Act (Count 9)....................................................... 15

    F.    Plaintiff Garrison Fails to State a Viable Claim for Violation of the
           Massachusetts Consumer Protection Act (Count 10)............................................ 16

    G.    Plaintiff Cruz Fails to State a Viable Claim for Violation of the New York
           Consumer Protection Statute (Count 8). ............................................................. 17

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- i -

CASE NO. 4:17-CV-04871-HSG

H.  Plaintiff Jayavelu Fails to State a Viable Class Claim for Violation of the Ohio Consumer Sales Practices Act (Count 7). ...................................... 18

    1.  Plaintiffs Fail to Rely on "Decisions" Made Available by the Attorney General. ........................................................ 19

    2.  Plaintiffs' Other Cited Cases Do Not Provide the Notice Required By the Ohio CSPA. .................................................. 19

I.  Plaintiffs, Who Affirmatively Plead the Existence of an Express Contract, Fail to State a Claim for Unjust Enrichment (Count 15). ...................................... 21

J.  Plaintiffs' Equitable Relief Claims Must Be Dismissed Because Adequate Remedies at Law Exist (Counts 1 through 13 and Count 15). ................................ 22

K.  Plaintiffs Are Not Entitled to Seek Restitution (Counts 1 through 13 and Count 15). ..................................................................... 24

L.  Plaintiffs Fail to State a Valid Claim for Declaratory Relief (Counts 13 and 14). ..................................................................... 25

V. CONCLUSION ...................................................................................................... 26

1

## TABLE OF AUTHORITIES

2

Page(s)

3  CASES

4  *Am. Suzuki Motor Corp. v. Superior Court*,
    37 Cal. App. 4th 1291 (1995)....................................................................................................10
5
  *Asghari v. Volkswagen Grp. of Am., Inc.*,
6    42 F. Supp. 3d 1306 (C.D. Cal. 2013)......................................................................................25

7  *Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................................8, 10
8
  *Auto Flat Car Crushers, Inc. v. Hanover Ins. Co.*,
9    469 Mass. 813, 17 N.E.3d 1066 (2014) ...................................................................................16

10  *Balistreri v. Pacifica Police Dep't*,
     901 F.2d 696 (9th Cir. 1990)....................................................................................................8
11
  *Bank of the West v. Superior Court*,
12    2 Cal. 4th 1254 (1992) ..............................................................................................................24

13  *Bardin v. DaimlerChrysler Corp.*,
     136 Cal. App. 4th 1255 (2006)..................................................................................................17
14
  *Bell Atl. Corp. v. Twombly*,
15    550 U.S. 544 (2007)..............................................................................................................7, 10

16  *Bellinger v. Hewlett-Packard Co.*,
     OPIF No. 10002077 (2002).......................................................................................................21
17
  *Borror v. MarineMax of Ohio*,
18    OPIF No. 10002388 (2007).......................................................................................................21

19  *Boyd v. A.O. Smith Harvestore Prods., Inc.*,
     776 P.2d 1125 (Colo. App. 1989) .............................................................................................13
20
  *Brady v. BasicResearch, LLC*,
21    101 F. Supp. 3d 217 (E.D.N.Y. 2016) ......................................................................................18

22  *Brinkman v. Mazda Motor of America, Inc.*,
     OPIF No. 10001427 (1993).......................................................................................................20
23
  *Bristol Village, Inc. v. Louisiana-Pacific Corp.*,
24    916 F. Supp. 2d 357 (W.D.N.Y. 2013) .....................................................................................21

25  *Brown v. Spears*,
     OPIF No. 10000403 (1981).......................................................................................................19
26
  *Bussian v. DaimlerChrysler Corp.*,
27    411 F. Supp. 2d 614 (M.D.N.C. 2006) .....................................................................................11

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- iii -

CASE NO. 4:17-cv-04871-HSG

*Carabello v. Crown Controls Corp.*,
    659 F. Supp. 839 (D. Colo. 1987) ..................................................................................13

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011)..........................................................................................8

*Chiarelli v. Nissan N. Am., Inc.*,
    2015 WL 5686507 (E.D.N.Y. Sept. 25, 2015)................................................................11

*Clinical Tech., Inc. v. Covidien Sales, LLC*,
    192 F. Supp. 3d 223 (D. Mass. 2016) ............................................................................21

*Colgan v. Leatherman Tool Grp., Inc.*,
    135 Cal. App. 4th 663 (2006)..........................................................................................25

*Cont'l Cas. Co. v. Nationwide Ins. Co.*,
    2014 WL 12607694 (C.D. Cal. Nov. 3, 2014) ...............................................................26

*Cowen v. Bank United of Texas FSB*,
    1995 WL 38978 (N.D. Ill. Jan. 25, 1995), *aff'd,* 70 F.3d 937 (7th Cir. 1995) ...........24

*Cranford v. Joseph Airport Toyota, Inc.*,
    OPIF No. 100001586 (1996)...........................................................................................19

*Curl v. Volkswagen of Am., Inc.*,
    871 N.E. 2d 1141 (Ohio 2007)........................................................................................12

*Daniel v. Ford Motor Co.*,
    806 F.3d 1217 (9th Cir. 2015)...........................................................................................9

*Dash v. Seagate Tech. (U.S.) Holdings, Inc.*,
    27 F. Supp. 3d 357 (E.D.N.Y. 2014) ..............................................................................18

*Daugherty v. Am. Honda Motor Co., Inc.*,
    144 Cal. App. 4th 824 (2006)............................................................................................9

*Davidson v. Apple, Inc.*,
    2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ...................................................................9

*Denny v. Ford Motor Co.*,
    662 N.E.2d 732 (N.Y. 1995) ...........................................................................................10

*Diamond v. Darden Rest., Inc.*,
    2014 WL 3277105 (S.D.N.Y. July 6, 2014) ...................................................................18

*Dixon v. Ford Motor Co.*,
    2015 WL 6437612 (E.D.N.Y. Sept. 30, 2015)................................................................12

*Duran v. Equifirst Corp.*,
    2010 WL 918444 (D.N.J. Mar. 12, 2010) ......................................................................14

*Durkee v. Ford Motor Co.*,
    2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) ...........................................................22, 23

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- iv -

CASE NO. 4:17-CV-04871-HSG

*F.T.C. v. Verity Int'l, Ltd.*,
   443 F.3d 48 (2d Cir. 2006).............................................................................................24

*Fonseca v. Goya Foods Inc.*,
   2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ...............................................................22

*In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*,
   664 F. Supp. 2d 752 (E.D. Mich. 2009)........................................................................21

*Friedman v. Dollar Thrifty Auto. Grp., Inc.*,
   2015 WL 4036319 (D. Colo. July 1, 2015) ...................................................................15

*Gardner v. Safeco Ins. Co. of Am.*,
   2014 WL 2568895 (N.D. Cal. June 6, 2014) .................................................................22

*General Motors Corp. v. Brewer*,
   966 S.W.2d 56 (Tex. 1998)............................................................................................10

*George Knight & Co., Inc. v. Watson Wyatt & Co.*,
   170 F.3d 210 (1st Cir. 1999) .........................................................................................15

*Gerlinger v. Amazon.Com, Inc.*,
   311 F. Supp. 2d 838 (N.D. Cal. 2004) ..........................................................................21

*Harris Grp., Inc. v. Robinson*,
   209 P.3d 1188 (Colo. App. 2009) ..................................................................................24

*Hersh Companies v. Highline Village Assoc.*,
   30 P.3d 221 (Colo. 2001) ..............................................................................................13

*Iannachino v. Ford Motor Co.*,
   888 N.E. 2d 879 (Mass. 2008) ..................................................................................16, 17

*IWOI, LLC v. Monaco Coach Corp.*,
   581 F. Supp. 2d 994 (N.D. Ill. 2008) ............................................................................12

*Johnson v. Microsoft Corp.*,
   2005-Ohio-4985, 106 Ohio St. 3d 278, 834 N.E.2d 791 .............................................24

*Johnson v. Nissan N. Am., Inc.*,
   2017 WL 4570712 (N.D. Cal. Aug. 29, 2017)................................................................9

*Khouri v. Don Lewis*,
   OPIF No. 10001995 (2001)............................................................................................20

*Kline v. Mortg. Elec. Sec. Sys.*,
   2010 WL 6298271 (S.D. Ohio Dec. 30, 2010*), report and recommendation
   adopted sub nom. Kline v. Mortg. Elec. Reg. Sys., Inc.*, 2011 WL 1125346
   (S.D. Ohio Mar. 25, 2011) .............................................................................................19

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal.4th 1134 (2003) ..................................................................................................22

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ...................................................................................................24

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                    - v -                    CASE NO. 4:17-cv-04871-HSG

*Lee v. General Motors Corp.*,
  950 F. Supp. 172 (S.D. Miss. 1996)............................................................................11

*Leprino Foods Co. v. DCI, Inc.*,
  2017 WL 57256 (D. Colo. Jan. 3, 2017).....................................................................13

*Madrid v. Perot Sys. Corp.*,
  130 Cal. App. 4th 440 (2005)......................................................................................22

*Mangadin v. Wash. Mut. Bank*,
  637 F. Supp. 2d 700 (N.D. Cal. 2009).........................................................................26

*Marshall v. Hyundai Motor Am.*,
  51 F. Supp. 3d 451 (S.D.N.Y. 2014)...........................................................................22

*Martinez v. Nash Finch Co.*,
  886 F. Supp. 2d 1212 (D. Colo. 2012).........................................................................15

*Mason v. Mercedes Benz USA, LLC*,
  OPIF No. 10002382 (2005)..........................................................................................21

*Mathew Enter., Inc. v. FCA US, LLC*,
  2016 WL 6778534 (N.D. Cal. Nov. 16, 2016)...............................................................7

*McCabe v. Am. Honda Motor Co.*,
  100 Cal. App. 4th 1111 (2002)......................................................................................9

*Miller v. General Motors Corp.*,
  471 N.Y.S.2d 280 (1984).............................................................................................12

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992).....................................................................................................22

*Mosley v. Perf. Mistubishi*
  *aka Automanage*, OPIF No. 10001326 (1992) ...........................................................20

*Munning v. Gap, Inc.*,
  238 F. Supp. 3d 1195 (N.D. Cal. 2017) ......................................................................22

*Nguyen v. Nissan N. Am., Inc.*,
  2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) .............................................................23

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
  85 N.Y.2d 20 (1995) ...................................................................................................17

*Pattie v. Coach, Inc.*,
  29 F. Supp. 3d 1051 (N.D. Ohio 2014)............................................................18, 19, 20

*Philips v. Ford Motor Co.*,
  2015 WL 4111448 (N.D. Cal. July 7, 2015).........................................................22, 23

*Priester v. JPMorgan Chase Bank, N.A.*,
  708 F.3d 667 (5th Cir. 2013).......................................................................................15

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- vi -

CASE NO. 4:17-cv-04871-HSG

*Purcell v. Spokeo, Inc.*,
2014 WL 4187157 (C.D. Cal. Aug. 25, 2014) ................................................................22

*R Power Biofuels, LLC v. Chemex LLC*,
2016 WL 6663002 (N.D. Cal. Nov. 11, 2016) .................................................................8

*Rhynes v. Stryker Corp.*,
2011 WL 2149095 (N.D. Cal. May 31, 2011) ...............................................................23

*Robins v. Glob. Fitness Holdings, LLC*,
838 F. Supp. 2d 631 (N.D. Ohio 2012) .................................................................18, 19

*Sanbrook v. Office Depot, Inc.*,
2008 WL 1994884 (N.D. Cal. May 5, 2008) ................................................................25

*Sheris v. Nissan N. Am., Inc.*,
2008 WL 2354908 (D.N.J. June 3, 2008) ....................................................................11

*Small v. Lorillard Tobacco Co.*,
679 N.Y.S.2d 593 (1st Dept. 1998)..............................................................................17

*Small v. Lorillard Tobacco Co.*,
94 N.Y.2d 43 (1999) ....................................................................................................18

*Stanford v. Ronald H. Mayer Real Estate, Inc.*,
849 P. 2d 921 (Colo. App. 1993) .................................................................................21

*State ex rel. Betty D. Montgomery v. Bridgestone/Firestone, Inc.*,
OPIF No. 10002025 (2001) .........................................................................................19

*State ex rel. Betty D. Montgomery v. Ford Motor Co.*,
OPIF No. 10002123 (2002) .........................................................................................19

*State ex rel. Jim Petro v. Craftmatic Org., Inc.*,
OPIF No. 10002347 (2005) .........................................................................................19

*State ex rel. William J. Brown v. Harold Lyons*,
OPIF No. 100000304 (1979).........................................................................................20

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998).........................................................................................8

*Stutman v. Chem. Bank*,
95 N.Y.2d 24 (2000) .....................................................................................................17

*Szymczak v. Nissan N. Am., Inc.*,
2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011) ...............................................................11

*Taison Commc'n., Inc. v. Ubiquiti Networks, Inc.*,
2014 WL 1048710 (N.D. Cal. Mar. 14, 2014) ..............................................................15

*Tomasino v. Estee Lauder Cosmetics*,
44 F. Supp. 3d 251 (E.D.N.Y. 2014) ............................................................................17

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT      - vii -      CASE NO. 4:17-cv-04871-HSG

*Troup v. Toyota Motor Corp.*,
  545 Fed. App'x 668 (9th Cir. 2013)..................................................................9

*Vass v. Blue Diamond Growers*,
  2016 WL 1275030 (D. Mass. Mar. 31, 2016) ..............................................17

*Voelker v. Porsche Cars N. Am., Inc.*,
  353 F.3d 516 (7th Cir. 2003)...................................................................12, 13

*Walls v. Williams*
  *dba Butch's Auto Sales*, OPIF No. 10001524 (1995) ...............................20

*Walsh v. Ford Motor Co.*,
  807 F.2d 1000 (D.C. Cir. 1986) ..................................................................13

*Wilton v Seven Falls Co.*,
  515 U.S. 277 (1995).....................................................................................26

*Zalesiak v. UnumProvident Corp.*,
  2007 WL 4365345 (N.D. Ill. Dec. 12, 2007) ..............................................14

*Zappella v. Marlborough Coop. Bank*,
  2003 WL 21500559 (Mass. Super. June 11, 2003)......................................24

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 2301, *et seq.* (Magnusson-Moss Warranty Act)......................................6, 12

15 U.S.C. § 2310(d)(1)...........................................................................................12

28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act).............................................6

810 Ill. Comp. Stat. 5/2-313...................................................................................8

815 Ill. Comp. Stat. 505/1, *et seq.* (Illinois Consumer Fraud and Deceptive
  Business Practices Act)...............................................................................7

815 Ill. Comp. Stat. 510/1 (Illinois Uniform Deceptive Trade Practices Act).................7

815 Ill. Comp. Stat. 510/3.....................................................................................22

Cal. Bus. & Prof. Code § 17000, *et seq.* (California's Unfair Competition Law)................. *passim*

Cal. Bus. & Prof. Code § 17203 ...........................................................................24

Cal. Civ. Code § 1750, *et seq.* (California's Consumers Legal Remedies Act) ............6, 17, 22, 23

Cal. Civ. Code §§ 1792 and 1791.1, *et seq.* (California's Song-Beverly Consumer
  Warranty Act)......................................................................................6, 22

Cal. Com. Code § 2313 ...........................................................................................8

Cal. Com. Code § 2719 ...........................................................................................25

Colo. Rev. Stat. § 4-2-313.....................................................................................10

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- viii -

CASE NO. 4:17-cv-04871-HSG

1   Colo. Rev. Stat. § 4-2-313(1) ..................................................................................8

2   Colo. Rev. Stat. § 4-2-725(2) ................................................................................13

3   Colo. Rev. Stat. § 6-1-101, *et seq.* (Colorado Consumer Protection Act) ...........6, 14, 15

4   Colo. Rev. Stat. § 6-1-113(2) ................................................................................15

5   Colo. Rev. Stat. § 6-1-115 .....................................................................................14

6   Colo. Rev. Stat. § 13-80-101 .................................................................................13

7   Fed. R. Civ. P. 12(b)(6) ........................................................................................7, 8

8   Fed. R. Civ. P. 57 .....................................................................................................6

9   Fed. R. Evid. 201(b) .................................................................................................8

10  Mass. Gen. Laws Ann. Chapter 106, § 2-313(b) .................................................8, 10

11  Mass. Gen. Laws, Chapter 93A, *et seq.* (Massachusetts Consumer Protection Act)...........7, 16, 17

12  McKinney's Uniform Com. Code § 2-313(1)(a) ......................................................8

13  N.Y. Gen. Bus. Law § 349, *et seq.* (New York Consumer Protection Statute) ...................6, 17, 18

14  Ohio. Rev. Code Ann. 1302.26 (UCC 2-313) .........................................................8

15  Ohio Rev. Code § 1345.01, *et seq.* (Ohio Consumer Sales Practices Act) ........................... *passim*

16  Ohio Rev. Code § 1345.02 ......................................................................................18

17  Ohio Rev. Code § 1345.03 ......................................................................................18

18  Ohio Rev. Code § 1345.05 ......................................................................................18

19  Ohio Rev. Code § 1345.09(B) .............................................................................18, 19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- ix -

CASE NO. 4:17-CV-04871-HSG

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiffs' claim for breach of express warranty should be dismissed for failure to state a claim upon which relief may be granted.

2.      Whether Plaintiffs Jayavela, Cruz, Trotter, and Macri's claims for breach of implied warranty should be dismissed for failure to state a claim upon which relief may be granted.

3.      Whether Plaintiffs Jayavela, Cruz, Trotter, and Macri's Magnuson-Moss Warranty Act claims should be dismissed for failing to state a claim upon which relief may be granted.

4.      Whether the Colorado Consumer Practices Act claim should be dismissed for failure to state a claim upon which relief may be granted.

5.      Whether the Massachusetts Consumer Sales Practices Act claim should be dismissed for failure to state a claim upon which relief may be granted.

6.      Whether the New York Consumer Protection Act claim should be dismissed for failure to state a claim upon which relief may be granted.

7.      Whether the Ohio Consumer Sales Practices Act claim should be dismissed for failure to state a claim upon which relief may be granted.

8.      Whether Plaintiffs' claim for unjust enrichment should be dismissed for failure to state a claim upon which relief may be granted.

9.      Whether Plaintiffs' equitable relief claims should be dismissed for failure to state a claim upon which relief may be granted.

10.     Whether Plaintiffs' claim for restitution should be dismissed for failure to state a claim upon which relief may be granted.

11.     Whether Plaintiffs' claim for declaratory relief should be dismissed for failure to state a claim upon which relief may be granted.

/ / /

/ / /

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 1 -

CASE NO. 4:17-CV-04871-HSG

1   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   **I.**

3   <u>**INTRODUCTION**</u>

4        In this action, six Plaintiffs from six states allege that the transmissions in their Nissan

5   Sentra vehicles are defective based on a variety of reported systems ranging from noise, to engine

6   RPM fluctuations, to vibration, to hesitation.  They blame their vehicles' continuously variable

7   transmission ("CVT") for these symptoms, but do not identify what defect or defects in their

8   transmission supposedly caused them.  Even so, they claim that Defendant Nissan North

9   America, Inc. ("NNA") was aware of the unspecified defect or defects at the time of sale.  On that

10  basis, they present a 15-count First Amended Complaint ("FAC") asserting claims for

11  themselves, and on behalf of a nationwide class of purchasers, or in the alternative, on behalf of

12  six subclasses of purchasers and lessees residing in California, Colorado, Illinois, Massachusetts,

13  New York, and Ohio, under the laws of those states.  NNA moves to dismiss several of the claims

14  for failure to state a claim for relief.

15       Each Plaintiff asserts a breach of their New Vehicle Limited Warranty.  This claim fails

16  because Plaintiffs do not allege that the vehicles contain a defect in materials and workmanship,

17  the only type of defect that triggers a repair obligation under the written warranty.  On the

18  contrary, Plaintiffs appear to assert the existence of some unknown design defect.  Because

19  design defects are not covered by the warranty, their claims for breach of express warranty fail.

20       Some of the Plaintiffs' implied warranty claims necessarily fail because the facts they

21  allege affirmatively show that their vehicles have provided reliable transportation for a significant

22  period of time, and are thus merchantable as a matter of law.  Some Plaintiffs also lack the privity

23  of contract necessary to state an implied warranty claim under applicable state law.  The failure of

24  the state law warranty claims means that any Magnuson-Moss claim is also precluded.

25       The state consumer protection statutes that Plaintiffs invoke vary significantly and impose

26  requirements that some of the Plaintiffs do not satisfy.  Specifically:

27       •      The Colorado statute does not permit a class action asserting damages claims.

28  Further, the Colorado Plaintiff, Trotter, failed to bring her statutory (and warranty) claims within

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 2 -

CASE NO. 4:17-CV-04871-HSG

the limitations period prescribed by Colorado law.

- The Massachusetts statute recognizes a claim for vehicle defects only where the claimant can identify a government standard that the vehicle fails to meet—a requirement that the Massachusetts Plaintiff does not even attempt to satisfy.

- The New York statute requires actual economic loss, not the mere purchase remorse that Plaintiffs allege here.

- The Ohio statute requires that the defendant be on notice that its alleged acts are deceptive via a court case or attorney general determination. That necessary notice is absent here.

In addition, no state law permits the quasi-contractual claim of unjust enrichment to proceed where an express contract governs the subject area. Plaintiffs plead the existence of a contract in the form of the vehicles' written limited warranty. Consequently, the unjust enrichment claims fail.

Finally, Plaintiffs' broad claims for equitable relief—including claims for unjust enrichment, restitution, and an injunction—should be dismissed because adequate remedies exist at law. Plaintiffs' claim for restitution separately fails because they cannot establish that NNA acquired any of their money or property. Their separate request for declaratory relief simply duplicates the legal claims and does not purport to provide guidance for the parties' future conduct. Such a request is properly dismissed.

## II.

## BACKGROUND

### A.    Plaintiffs' Alleged Defect.

Plaintiffs allege that they purchased Nissan Sentra vehicles equipped with a CVT. FAC ¶ 2. The actual reported experiences of the Plaintiffs vary greatly. They describe various symptoms ranging from whistling noises to engine RPM fluctuations to rough idling to vibration (or "juddering"). *See e.g., id.* ¶¶ 6–7, 86, 93, 99, 103. Plaintiffs do not purport to allege any underlying cause or causes for their symptoms. Indeed, most have not even received any kind of mechanical diagnosis attributing their particular issues to the transmission at all. Plaintiffs do not describe a single "defect" from which they all suffered.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                - 3 -                CASE NO. 4:17-CV-04871-HSG

Plaintiffs' repair experiences also differ significantly.  Plaintiff Falk purchased her vehicle used from Enterprise Rental Car.  FAC ¶ 70.  It had already been driven nearly 40,000 miles in the first year and a half of service.  *Id.*  Falk reports that she reported transmission problems after she purchased the car and the dealer replaced her transmission under warranty.  She alleges that she came back to the dealer over the next several thousand miles with complaints about clunking noises when shifting, and lagging acceleration, but the dealer, on those occasions, was unable to duplicate her symptoms.  FAC ¶¶ 71–77.[1]

By contrast, Trotter alleges that she took her vehicle to a dealership shortly after purchase complaining of rough idling and vibrations while sitting at a stop light.  FAC ¶ 93.  There is apparently some dispute about whether the dealership performed a reprogramming of her vehicle's computer module but, in any event, Trotter does not allege that she ever returned to a dealer to seek a diagnosis or repair of her vehicle's transmission until almost four years later when the vehicle had more than 113,000 miles.  *Id.* ¶ 94.

Plaintiff Macri complains about engine RPM fluctuations.  *Id.* ¶¶ 106, 108.  She took her vehicle to a Nissan dealership in July 2016 and March 2017, but the technicians were unable to replicate her symptoms.  *Id.* ¶¶ 107, 109.  She then went to a friend at a Chevrolet dealership in April 2017 when the vehicle had approximately 56,000 miles.  *Id.* ¶ 110.  The friend recommended that she go to a Nissan dealership for a fluid flush and to "replace the spark plugs." *Id.*  She decided not to do so because she did not like the particular dealership she had been using. *Id.*  Macri does not allege that she made any further attempts to obtain a diagnosis or repair of her vehicle from any Nissan dealer.

Plaintiff Garrison complains about "rough idle and hesitation before acceleration," a "drop in engine RPM when coming to a stop," and "fluctuating RPMs."  *Id.* ¶¶ 98–102.  The dealership reprogrammed the vehicle's computer in April 2016, but could not duplicate the engine RPM fluctuations on other visits, including October 2016, when her vehicle was a year old and had just over 17,000 miles.  *Id.* ¶¶ 102–03.  Garrison does not allege that she attempted to obtain a

---

[1] Falk's allegations of breach of warranty in this suit were premature.  In response to being notified of Ms. Falk's concern via Plaintiffs' demand letter, NNA inspected Ms. Falk's vehicle and has replaced her transmission under warranty at no charge to her.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 4 -

CASE NO. 4:17-CV-04871-HSG

1   diagnosis or repair of her transmission during the year since that visit.

2        Plaintiff Jayavelu took her vehicle to a Nissan dealership on two occasions in November

3   and December 2016 shortly after purchasing her vehicle, and reported a vibration through the

4   steering wheel during braking and when accelerating in the 20-40 mph range.  *Id.* ¶¶ 80–81.  The

5   dealership could not replicate the symptoms, and Jayavelu does not allege that she ever sought

6   any further diagnosis or repair over the next ten months.  *Id.*

7        Despite the hyperbolic phrase "transmission failure" repeatedly employed in the FAC, none

8   of the Plaintiffs reports any sort of mechanical breakdown precluding the use of the vehicle as

9   transportation.  On the contrary, the facts alleged by Plaintiffs show continuous, in some cases very

10  heavy, use of the vehicles in question.  The Falk vehicle registered more than 40,000 miles in its

11  first year and a half of service, and more than 50,000 miles in the first two and half years.  FAC ¶

12  70–77.  Trotter put more than 113,000 on her vehicle in less than four years.  *Id.* ¶ 91, 94.  Garrison

13  logged 17,000 miles in the first year of use.  *Id.* ¶ 97, 103.  None of the Plaintiffs alleges that she

14  ceased using her vehicle, or that it was unavailable for use for any significant period because of the

15  conditions she describes.  None of the Plaintiffs alleges that they expended any money for diagnosis

16  or repair of transmission issues during the warranty period.  While Plaintiffs allege that they would

17  not have purchased their vehicles, or would have paid less for them, if they had been made aware of

18  the alleged "defect," they do not allege an actual loss on the transaction—that the vehicles were

19  worth less than what Plaintiffs paid for them.  Nor do they allege that the market price of the vehicle

20  was affected by any failure to disclose any condition of the CVTs.

21       While Plaintiffs repeatedly assert that the transmission issues they describe constitute a

22  safety hazard, they do not allege that any actual accidents have occurred because of any alleged

23  defect in the CVTs.

24  **B.    Plaintiffs Assert Claims Under State and Federal Law, and Seek Both Equitable and
25         Legal Remedies.**

26       **1.     Plaintiffs Assert Fifteen Claims in the FAC**

27       Broadly, "Plaintiffs bring this action on behalf of themselves and all others similarly

28  situated [] for Nissan's breach of express and implied warranties under state laws and the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 5 -

CASE NO. 4:17-CV-04871-HSG

Magnuson-Moss Warranty Act, Nissan's deceptive trade practices in violation of the consumer protection laws of California, Ohio, New York, Colorado, Massachusetts, and Illinois, and declaratory and equitable relief." FAC ¶ 12. Plaintiffs specifically propose to represent a nationwide class of "[a]ll persons who purchased and/or leased in the United States a model year 2013-2017 Nissan Sentra equipped with a CVT." *Id.* ¶ 112. Plaintiffs additionally seek certification of six different subclasses of persons who purchased or leased a class vehicle in California, Colorado, Illinois, Massachusetts, New York, and Ohio. *Id.* ¶ 113. Plaintiffs' FAC divides their claims as follows:

- **All Plaintiffs** assert claims for themselves and their respective subclasses, and on behalf of a nationwide class (*see* FAC ¶ 112), for breach of express warranty (FAC Count 1); breach of implied warranty (FAC Count 2); for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("Magnuson-Moss Act") (FAC Count 3); for "equitable injunctive and declaratory relief" (FAC Count 13); for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and Fed. R. Civ. P. 57 (FAC Count 14); and for "unjust enrichment" (FAC Count 15).

- **Plaintiff Falk** brings claims for herself and on behalf of a California subclass under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1791.1, *et seq.* (FAC Count 4); California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA") (FAC Count 5); and California's Unfair Competition Law, Bus. & Prof. Code § 17000, *et seq.* ("UCL") (FAC Count 6).

- **Plaintiff Jayavelu** brings claims for herself and on behalf of an Ohio subclass under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.* ("Ohio CSPA"). *See* FAC Count 7.

- **Plaintiff Cruz** brings claims individual claims, and claims for a New York subclass, under the New York Consumer Protection Statute, N.Y. Gen. Bus. Law § 349, *et seq.* ("NY CPS"). *See* FAC Count 8.

- **Plaintiff Trotter** asserts claims under the Colorado Consumer Protection Act, Col. Rev. Stat. § 6-1-101, *et seq.* ("Colorado CPA") for herself and on behalf of the Colorado subclass. *See* FAC Count 9.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 6 -

CASE NO. 4:17-CV-04871-HSG

- **Plaintiff Garrison** seeks to represent a class of Massachusetts residents, asserting claims under the Massachusetts Consumer Protection Act, Mass. Gen. Laws, ch. 93A, *et seq.* ("Massachusetts CPA").  *See* FAC Count 10.

- **Plaintiff Macri** asserts individual claims, and claims for an Illinois subclass, under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1, *et seq.* ("Illinois UDTPA") (FAC Count 11); and under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.* (FAC Count 12).

### 2.    Plaintiffs Seek Equitable Relief and Claim Remedies at Law

Plaintiffs make clear at the outset of the FAC that "Plaintiffs seek damages, injunctive and declaratory relief, restitution, disgorgement of profits, attorneys' fees and costs, punitive damages, and the repair or replacement of class vehicles or refund of money paid to own or lease all class vehicles in the United States."  FAC ¶ 12.[2]  In addition to this boilerplate allegation, Plaintiffs specifically seek damages, restitution, and injunctive relief by their state law claims (*see* FAC ¶¶ 163, 177, 192, 205–07, 216–18, 230–33, 240–42)[3] and in their Prayer for Relief (FAC p. 52:2-21).

### III.

### STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Mathew Enter., Inc. v. FCA US, LLC*, 2016 WL 6778534, at \*4 (N.D. Cal. Nov. 16, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

---

[2] Plaintiffs broadly seek equitable remedies in the form of the "repair or replacement of all [C]lass Vehicles[,]" and for restitution.  *See, e.g.*, FAC ¶¶ 12, 135, 139, 151, 163, 177, 192, 207, 218, 233, 242, 253, 270, 281).  Plaintiffs also seek by their Thirteenth Claim for Relief an injunction compelling NNA "to properly repair all of the class vehicles immediately, offer rescission to the [] Subclasses, by repurchasing their class vehicles for their full cost, reimbursing the lessees of the class vehicles the monies they have paid toward their leases, recalling all defective vehicles that are equipped with the defective transmissions, and ceasing and desisting from marketing, advertising, selling, and leasing the class vehicles."  FAC ¶ 268.

[3] Plaintiff Macri's Illinois UDTPA claim seeks only injunctive relief.  *See* FAC Count 11.

1   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

2   unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

3   "Dismissal under Rule 12(b)(6) may be based on either (1) the 'lack of a cognizable legal

4   theory,' or (2) 'the absence of sufficient facts alleged under a cognizable legal theory.'" *R Power*

5   *Biofuels, LLC v. Chemex LLC*, 2016 WL 6663002, at *3 (N.D. Cal. Nov. 11, 2016) (quoting

6   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).   And dismissal should be

7   with prejudice where a "plaintiff's proposed amendments would fail to cure the pleading

8   deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656

9   F.3d 1034, 1041 (9th Cir. 2011).

10                                                   **IV.**

11                                               **ARGUMENT**

12   **A.   Plaintiffs, Who Fail to Allege a Defect in Materials and Workmanship, Do Not State**

13   **a Claim for Breach of Express Warranty (Count 1).**

14   An express warranty is an affirmation of fact or promise made by one seller to the buyer,

15   which relates to the goods and becomes part of the basis of the bargain.   Cal. Com. Code § 2313.

16   *See also* Colo. Rev. Stat. § 4-2-313(1); 810 Ill. Comp. Stat. 5/2-313; Mass. Gen. Laws Ann. ch.

17   106, § 2-313(b); McKinney's Uniform Com. Code § 2-313(1)(a); Ohio. Rev. Code Ann. 1302.26

18   (UCC 2-313).   The only "affirmation of fact" or "promise" alleged in the FAC is the express

19   written limited warranty issued by NNA.   Plaintiffs plead that "every class vehicle is backed by a

20   New Vehicle Limited Warranty" and that such warranty "covers any repairs needed to correct

21   defects in materials and workmanship of covered parts."   FAC ¶ 3.   The powertrain warranty,

22   which encompasses the transmission, has a duration of 60 months or 60,000 miles, whichever

23   occurs first.   *Id.*[4]

24   _____

25   [4] The powertrain warranty only "covers any repairs needed to correct defects in materials or
     workmanship."   *See* NNA's accompanying Request for Judicial Notice ("RJN"), Exs. A–D

26   (Nissan New Vehicle Limited Warranty Booklets).   As set forth in NNA's RJN, the Court may
     properly consider these warranty manuals under Fed. R. Evid. 201(b).   Further, the Court should

27   resolve any conflict between the FAC's allegations and the language found in the warranties in
     favor of the warranties.   *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.

28   1998) (explaining that a court is "not required to accept as true conclusory allegations which are
     contradicted by documents referred to in the complaint").

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT          - 8 -          CASE NO. 4:17-CV-04871-HSG

1    Plaintiffs fail to allege what defect or defects the class vehicles have, and some allegations

2    on their face have nothing to do with the transmission (*e.g.*, rough idle, fluctuating engine RPMs,

3    spark plugs, etc.).  They complain that the transmissions do not perform satisfactorily, but never

4    attempt to allege a cause for such substandard performance.  They certainly never identify any

5    defect in materials and workmanship; the only type of defect covered by the Nissan written

6    warranty.  Instead, they use a "catch-all" allegation the defects are of "***design***, materials and/or

7    workmanship."  FAC ¶ 6 (emphasis added).

8    A manufacturing defect (a defect in materials or workmanship) exists when an item is

9    produced in a substandard condition and is demonstrated by showing that the product "performed

10   differently from other ostensibly identical units of the same product line."  *Davidson v. Apple,*

11   *Inc.*, 2017 WL 976048, at *11 (N.D. Cal. Mar. 14, 2017) (quoting *McCabe v. Am. Honda Motor*

12   *Co.*, 100 Cal. App. 4th 1111, 1120 (2002)).  By contrast, a design defect exists where the product

13   is built according to its intended specifications, but the design itself is inherently defective.  *Id.*

14   This matters because a warranty covering defects in materials and workmanship does not

15   include design defects.  *Troup v. Toyota Motor Corp.*, 545 Fed. App'x 668 (9th Cir. 2013) (citing

16   *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 830 (2006)); *see also Daniel v.*

17   *Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015) (recognizing that many district courts have

18   held that the "materials and workmanship" language excludes guarantees against design defects);

19   *Johnson v. Nissan N. Am., Inc.*, 2017 WL 4570712, at *4 (N.D. Cal. Aug. 29, 2017); *Davidson*,

20   2017 WL 976048, at *11.

21   While the FAC does not specify exactly what is wrong with the CVTs in the class

22   vehicles, it does allege that the defect exists in ***all*** of them.  *See* FAC ¶ 6.  Plaintiffs do ***not*** allege

23   that there is a deviation from the intended design that affects only a ***part*** of the class vehicles.  By

24   definition, Plaintiffs are attempting to assert a design defect claim.

25   Moreover, a pleading that the vehicles have a defect in design ***or*** materials and

26   workmanship cannot state a cause of action.  If the defect is one of design, NNA's warranty does

27   not cover it and it cannot be liable for breach of warranty.  A pleading must contain ***facts*** that

28   allow an inference of liability.  Where the facts alleged are equally consistent with non-liability,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                - 9 -                CASE NO. 4:17-CV-04871-HSG

1    the pleader has not stated a claim.  *Twombly*, 550 U.S. at 556, 557; *Iqbal*, 556 U.S. at 683.  The

2    facts alleged must "nudge" the claim "across the line from conceivable to plausible" or the claim

3    is subject to dismissal.  *Twombly*, 550 U.S. at 570.  Plaintiffs have pled no facts that could

4    plausibly lead to the conclusion that the vehicles suffer from a defect in materials and

5    workmanship instead of a design defect.  Their express warranty claims fail.[5]

6    **B.    Certain Plaintiffs Fail to State a Viable Claim for Breach of Implied Warranty**

7         **(Count 2).**

8         Breach of implied warranty claims asserted by Plaintiffs Jayavelu, Cruz, Trotter, and

9    Macri fail because their allegations show that their vehicles are merchantable as a matter of law.

10   The claims of Plaintiffs Macri, Cruz, and Jayavelu separately fail because of a lack of privity of

11   contract between them and NNA.

12        **1.    Pleadings Establish That Vehicles Owned by Plaintiffs Jayavela, Cruz,**

13        **Trotter, and Macri Are Merchantable as a Matter of Law.**

14        The implied warranty of merchantability is a basic guarantee of quality requiring only that

15   the goods in question be fit for the ordinary purpose for which such goods are used.  *See* Mass.

16   Gen. Laws Ch. 106 § 2-313; Colo. Rev. Stat. § 4-2-313.  It does not function to assure that the

17   product will fulfill the buyer's desires.  *Denny v. Ford Motor Co.*, 662 N.E.2d 732, 736 n.4 (N.Y.

18   1995); *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291 (1995).  The implied

19   warranty applicable to an automobile is not breached because the vehicle has a defect requiring

20   repair, regardless of when the repair is needed.  It is only breached when a defect renders the

21   vehicle unfit for its ordinary purpose of providing transportation.  *See General Motors Corp. v.*

22   *Brewer*, 966 S.W.2d 56, 57 (Tex. 1998) ("A product which performs its ordinary function

23   adequately does not breach the implied warranty of merchantability merely because it does not

24   function as well as the buyer would like, or even as well as it could.")

25   ─────────────────
     [5] Several Plaintiffs could not state a claim for breach of warranty in any event.  Before one can
26   establish a claim for breach of express warranty, they must show that the defendant was provided
     adequate notice and an opportunity to cure.  Certainly, Trotter, who alleges only one dealer visit
27   and then a four-year period where she drove her car for 113,000 miles without further dealer
     visits cannot do so.  Plaintiffs Macri, Jayavelu and Garrison do not allege that they have visited a
28   Nissan dealer within the past many months to a year, despite the fact that the vehicles are covered
     by the New Vehicle Limited Warranty.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                - 10 -          CASE NO. 4:17-CV-04871-HSG

Numerous courts have held that a vehicle which provides transportation for several years or for many miles is considered merchantable as a matter of law. *See, e.g.*, *Chiarelli v. Nissan N. Am., Inc.*, 2015 WL 5686507, at *8 (E.D.N.Y. Sept. 25, 2015); *Szymczak v. Nissan N. Am., Inc.*, 2011 WL 7095432, at *11 (S.D.N.Y. Dec. 16, 2011); *Sheris v. Nissan N. Am., Inc.*, 2008 WL 2354908, at *6 (D.N.J. June 3, 2008); *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 624 (M.D.N.C. 2006); *Lee v. General Motors Corp.*, 950 F. Supp. 172, 174 (S.D. Miss. 1996).

Plaintiff Jayavela alleges that she purchased her vehicle in November 2016.  FAC ¶ 79. Soon thereafter, she states that she experienced a judder and failure to properly accelerate.  *Id.* ¶ 80.  While she alleges that dealership service technicians could not replicate the issue she was experiencing, or find a diagnostic code (*id.* ¶ 80–81), she does not allege that the problems she encountered rendered the vehicle unfit to provide transportation.  Further, Jayavelu does not allege that she ever sought any further diagnosis or repair over the next ten months.  Those factual pleadings do not give rise to a breach of the implied warranty of merchantability.

Plaintiff Cruz alleges that she purchased a 2014 Nissan Sentra in February 2015.  *Id.* ¶ 84. While she complains of judder, a whining noise, and delayed acceleration, and that she has not obtained a satisfactory repair, she does not allege that these issues have prevented the vehicle from serving its function as transportation.  Indeed, she acknowledges that by January 2017—less than two years after purchase—the vehicle had been driven more than 20,000 miles.  *Id.* ¶ 89. She has not stated an implied warranty claim.

Plaintiff Trotter states that she purchased her vehicle in April 2013.  *See id.* ¶ 91.  She alleges that soon thereafter she began to experience rough idling and vibration while sitting at a stop light and sought a repair at a Nissan dealership in June 2013.  *Id.* ¶ 93.  There is apparently some dispute about whether the dealership performed a reprogramming of a vehicle computer module but, in any event, Trotter does not report any other problem, or allege that she sought any further repairs to the vehicle until March 2017.  *Id.* ¶ 94.  At that time, the vehicle had more than 113,000 miles.  *Id.*  She has not stated an implied warranty claim.

Finally, Plaintiff Macri alleges that she purchased a new 2013 Nissan Sentra in December 2013.  *See* FAC ¶ 105.  She does not report any problems with the vehicle until the period

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                - 11 -                CASE NO. 4:17-CV-04871-HSG

January to May 2016, when she alleges that the vehicle experienced engine RPM flutter, and shook at stops and when accelerating from stops. *Id.* ¶ 106. Her first reported attempt to have the vehicle repaired occurred in July 2016, when the vehicle had some 42,000 miles. *Id.* ¶ 107. She also recounts other attempts to obtain a repair, the last occurring in April 2017 at 56,817 miles. *Id.* ¶ 110. Plaintiff Macri does not allege that her vehicle was unable to provide transportation at any time. Indeed, the facts she alleges shows a robust use of the vehicle—over 56,000 miles in about three and a half years. She has not stated an implied warranty claim.

### 2. Plaintiffs Jayavela, Cruz, and Macri Lack the Necessary Privity to State an Implied Warranty Claim.

The implied warranty claims of Plaintiffs Macri, Cruz, and Jayavelu must also be dismissed because their respective states require privity of contract to assert an implied warranty claim. New York restricts implied warranty recovery to parties in contractual privity. *See Dixon v. Ford Motor Co.*, 2015 WL 6437612, at *4 (E.D.N.Y. Sept. 30, 2015) (citing *Miller v. General Motors Corp.*, 471 N.Y.S.2d 280, 282 (1984)). Similarly, the Supreme Court of Ohio has held that automobile purchasers may assert implied warranty claims only against the immediate sellers of the vehicle. *See Curl v. Volkswagen of Am., Inc.*, 871 N.E. 2d 1141, 1147-48 (Ohio 2007). The Seventh Circuit has concluded that, under Illinois law, a person acquiring a vehicle from a dealership is not in vertical privity with, and thus not permitted to assert an implied warranty claim against, a manufacturer. *See Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 524 (7th Cir. 2003); *see also IWOI, LLC v. Monaco Coach Corp.*, 581 F. Supp. 2d 994, 999-1000 (N.D. Ill. 2008).

Plaintiffs Cruz, Jayavelu, and Macri all allege that they purchased their vehicles from dealerships, not from NNA. There is no privity between these Plaintiffs and NNA. Their implied warranty claims fail.

### C. The Magnuson-Moss Act Claims Fail in the Absence of a Viable Breach of Warranty Claim (Count 3).

The Magnuson-Moss Act provides certain remedies for consumers damaged by the breach of an express or implied warranty. *See* 15 U.S.C. § 2310(d)(1). The statute does not create

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 12 -

CASE NO. 4:17-CV-04871-HSG

1    additional warranties, however, and the failure to state a valid warranty claim under state law

2    dooms a claim under the Act.  *See Voelker*, 353 F.3d at 525-26; *Walsh v. Ford Motor Co.*,

3    807 F.2d 1000, 1014-15 (D.C. Cir. 1986).

4         NNA has shown that all Plaintiffs have failed to state a claim for express warranty (*supra*

5    Section A) and that all Plaintiffs, except Garrison and Falk, have failed to state a claim for

6    implied warranty (*supra* Section B).  Consequently, the Magnuson-Moss claims should be

7    dismissed as to all Plaintiffs except Garrison and Falk.

8    **D.    Plaintiff Trotter's Claims are Barred by the Statute of Limitations (Counts 1**

9        **through 3 and Count 9).**

10        **1.    Breach of Warranty Claims (Counts 1 through 3)**

11        Under Colorado law, an action for breach of contract, including breach of warranty, must

12   be brought within three years after the cause of action accrues.  *See* Colo. Rev. Stat. § 13-80-101;

13   *see also Hersh Companies v. Highline Village Assoc.*, 30 P.3d 221, 224 (Colo. 2001).  A claim

14   for breach of warranty generally accrues when tender of delivery is made, regardless of the

15   plaintiffs' knowledge of the breach.  *See* Colo. Rev. Stat. § 4-2-725(2); *Leprino Foods Co. v.*

16   *DCI, Inc.*, 2017 WL 57256, at *2 (D. Colo. Jan. 3, 2017).  A limited exception to the accrual rule

17   exists where the warranty explicitly extends to future performance of the goods and the discovery

18   of the breach must await the time of such performance.  In such a case, the cause of action

19   accrues when the breach is, or should have been, discovered.  *Id.*

20        Colorado courts have held that the future performance exception is not triggered by the

21   kind of "repair or replace" warranty made by NNA because such a warranty does not relate to the

22   future performance of the goods themselves.  *See, e.g.*, *Boyd v. A.O. Smith Harvestore Prods.,*

23   *Inc.*, 776 P.2d 1125, 1128 (Colo. App. 1989).  An implied warranty does not, by definition,

24   extend to future performance of the product.  Accordingly, such claims accrue when the product

25   is tendered for delivery.  *See Carabello v. Crown Controls Corp.*, 659 F. Supp. 839, 842 (D.

26   Colo. 1987).

27        Plaintiff Trotter alleges that she acquired her vehicle from a Nissan dealership in April

28   2013 (*see* FAC ¶ 91), the latest possible date on which the vehicle could have been tendered for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                - 13 -                CASE NO. 4:17-CV-04871-HSG

1  delivery.  Since the warranty claims accrued at tender of delivery, they must have been asserted

2  by at least April 2016.  Plaintiff Trotter did not file suit, however, until August 2017, more than a

3  year later, and after she had owned and used her car for more than four years.  All of her warranty

4  claims are time-barred.

5  **2.      Consumer Protection Act Claims (Count 9)**

6  A claim for violation of Colorado's Consumer Protection Act must be brought within

7  three years of the date upon which the false, misleading, or deceptive act occurred, or within three

8  years of the date that the consumer discovered, or in the exercise of reasonable diligence should

9  have discovered, the occurrence of the false, misleading, or deceptive act or practice.  *See* Colo.

10  Rev. Stat. § 6-1-115.  The deceptive act about which Trotter complains, the sale of the vehicle

11  without disclosing the alleged transmission defects, occurred no later than the date Trotter

12  purchased the vehicle—April 2013.   Moreover, she alleges that she began to experience

13  transmission problems almost immediately and took the vehicle to a Nissan dealership for repairs

14  as early as June 2013.  *See* FAC ¶ 92.  According to Ms. Trotter, the dealership failed to effect a

15  repair of the vehicle.  *Id*.  Consequently, crediting Plaintiff Trotter's own allegations, by June

16  2013, she was aware that her vehicle's transmission had a problem, that the problem had not been

17  disclosed to her, and that the dealership could not or would not effect a satisfactory repair.  *Id*.

18  The key elements of her claims were already within Plaintiff Trotter's knowledge.

19  Ms. Trotter, along with the other Plaintiffs, attempt to rely upon tolling theories to avoid a

20  limitations defense.  *See* FAC ¶¶ 121–24.  But they offer no facts to support their legal

21  conclusions.  Indeed, they effectively concede they know no such facts:  "The details of Nissan's

22  efforts to conceal its [wrongful] conduct are in its possession, custody and control, to the

23  exclusion of Plaintiffs."  *Id.* ¶ 122–24.

24  A party is not permitted to prosecute a claim based on the hope that discovery may turn up

25  something that would make the claim viable.  A party seeking to rely on equitable tolling must

26  plead specific facts supporting such a theory.  *See Duran v. Equifirst Corp.*, 2010 WL 918444, at

27  *4 (D.N.J. Mar. 12, 2010); *Zalesiak v. UnumProvident Corp.*, 2007 WL 4365345, at **6–7 (N.D.

28  Ill. Dec. 12, 2007).  Further, it is axiomatic that mere nondisclosure of a claim does not suffice to

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                - 14 -                CASE NO. 4:17-CV-04871-HSG

1  toll the statute of limitations.  Some kind of affirmative concealment is necessary.  *See George*

2  *Knight & Co., Inc. v. Watson Wyatt & Co.*, 170 F.3d 210, 215–16 (1st Cir. 1999); *Priester v.*

3  *JPMorgan Chase Bank, N.A.*, 708 F.3d 667, 677 (5th Cir. 2013).  Plaintiffs plead no facts

4  indicating that NNA acted to affirmatively conceal any issues with the CVT transmissions.

5  Moreover, the ***facts*** Plaintiffs do allege tend to negate—rather than confirm—any active

6  concealment of the alleged defect upon which Plaintiffs' case is based.  Indeed, Plaintiffs allege

7  that "Nissan acknowledged the transmission failures" by issuing technical services bulletins

8  ("TSBs") starting within a year the class vehicles were sold.  FAC ¶ 29.  While Plaintiffs assert

9  that the TSBs "underrepresented" the problems some customers were experiencing (*e.g.*, *id.* ¶ 30),

10  each consumer knew the problems with his or her vehicle and could not have been deceived by

11  any contrary statement.  Moreover, Plaintiffs affirmatively plead that issues regarding the

12  transmission in question have been discussed on the National Highway Traffic Safety

13  Administration's website as early as March 2013.  *Id.* ¶ 46.  Such allegations are entirely

14  inconsistent with the idea that NNA was actively concealing the transmission issue.

15  Certainly, Trotter does not plead that ***she*** was aware of the statements in the TSBs or that

16  anything else Nissan did had any effect on ***her*** failure to timely file suit.  She fails to plead that

17  any equitable tolling principle applies to her case.  Trotter's Colorado CPA claims are time-

18  barred.

19  **E.     Plaintiff Trotter Fails to State a Viable Class Claim for Violation of the Colorado**

20  **Consumer Protection Act (Count 9).**

21  The Colorado CPA expressly provides that "***except in a class action*** . . . any person who,

22  in a private civil action, is found to have engaged in or caused another to engage in any deceptive

23  trade practice listed in this article shall be liable [for actual or statutory damages]."  Colo. Rev.

24  Stat. § 6-1-113(2).  Courts have interpreted the plain language of this section to preclude class

25  actions seeking monetary relief under the CPA and have dismissed such claims.  *Friedman v.*

26  *Dollar Thrifty Auto. Grp., Inc.*, 2015 WL 4036319, at *3 (D. Colo. July 1, 2015); *Taison*

27  *Commc'n., Inc. v. Ubiquiti Networks, Inc.*, 2014 WL 1048710, at * 10 (N.D. Cal. Mar. 14, 2014);

28  *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1218–19 (D. Colo. 2012).  Consequently,

Drinker Biddle &
Reath LLP
Attorneys at Law
San Francisco

Defendant NNA's Motion to Dismiss
Plaintiffs' First Amended Complaint                - 15 -                Case No. 4:17-cv-04871-HSG

1    Trotter may not assert a class claim for damages under the Act.

2             As shown in Sections I–K *infra,* Plaintiffs may not pursue equitable and injunctive relief

3    due to the existence of adequate legal remedies.  Consequently, no remedy is available under the

4    Colorado CPA, and the claim should be dismissed.

5    **F.    Plaintiff Garrison Fails to State a Viable Claim for Violation of the Massachusetts**
6         **Consumer Protection Act (Count 10).**

7             Plaintiff Garrison asserts claims for herself and on behalf of a putative class of

8    Massachusetts purchasers and lessees for violation of Massachusetts CPA.  *See* FAC Count 10.

9    Because Ms. Garrison has not adequately pled a violation of the Massachusetts CPA, her

10   individual and class claims fail.

11            To plead a claim under the Massachusetts CPA, a plaintiff must establish (1) that the

12   defendant engaged in an unfair method of competition or committed an unfair or deceptive act or

13   practice as defined by section 2 of the Chapter, or the regulations set forth thereunder; (2) an

14   injury; and (3) that the challenged practice caused the injury.  *See Auto Flat Car Crushers, Inc. v.*

15   *Hanover Ins. Co.*, 469 Mass. 813, 820, 17 N.E.3d 1066, 1074–75 (2014).  Plaintiff Garrison

16   cannot meet the first requirement, necessitating dismissal of her individual and class claims.

17            The alleged failure to disclose the condition of the CVT is not a deceptive act or practice

18   under the statute because the condition is not one that Massachusetts law regards as a defect.

19   Plaintiff must show that the allegedly defective product fails to conform to a legally binding

20   standard, and Plaintiff Garrison has not done so.  The Supreme Judicial Court of Massachusetts's

21   opinion in *Iannachino v. Ford Motor Co*., 888 N.E. 2d 879 (Mass. 2008), which involved

22   allegations that Ford sold vehicles with defective door handles, is controlling.  The court found

23   that the claims failed because the allegation of "defect" was not tied to any particular standard the

24   component in question was legally required to meet.  The court reasoned:

25            Because the term "defect" is conclusory and can be subjective as
         well, a bare assertion that a defendant, while representing the
26       opposite, has knowingly manufactured and sold a product that is
         "defective" or "suffers from safety-related defects," does not suffice
27       to state a viable claim.  Where, as in this case, there is no allegation
         that the plaintiffs—or indeed anyone else—have suffered personal
28       injury or property damage, the complaint must identify a legally

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                - 16 -                CASE NO. 4:17-cv-04871-HSG

required standard that the vehicles were at least implicitly represented as meeting, but allegedly did not. When the standard that a product allegedly fails to meet is not one legally required by and enforced by the government, a claim of economic injury based on overpayment lacks the premise that the purchase price entitled the plaintiffs to a product that met that standard.

*Id*. at 888 (internal citations omitted); *see also Vass v. Blue Diamond Growers*, 2016 WL 1275030, at *2 (D. Mass. Mar. 31, 2016) (recognizing requirements set forth in *Iannachino*).

Under this authority, Garrison's Chapter 93A claim must be dismissed. She does not identify any legally enforceable standard that the CVT components did not meet. Instead, she seeks to impose her own subjective and undefined standard of defectiveness. In the absence of a governmental standard, this is nothing more than an assertion that the components are not as robust as Plaintiffs would like them to be. Such a "defect" cannot provide the basis of a deceptive trade practices claim under Massachusetts law. *See Iannachino*, 888 N.E. 2d at 888; *see also Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1275 (2006) (holding that "second amended complaint's vague reference to plaintiffs' assumption that the exhaust manifolds were 'quality components' [was] not sufficient" to state a claim under the CLRA.).

## G.    Plaintiff Cruz Fails to State a Viable Claim for Violation of the New York Consumer Protection Statute (Count 8).

A claim under the New York Consumer Protection Statute, N.Y. Gen. Bus. Law § 349, has three elements: "first that the challenged act or practice was consumer-oriented, second that it was misleading in a material way, and third, that the plaintiff suffered injury as a result of the deceptive act[.]" *Tomasino v. Estee Lauder Cosmetics*, 44 F. Supp. 3d 251, 257 (E.D.N.Y. 2014) (quoting *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 27 (2000)).

While section 349 does not require proof of reliance, it does have an explicit causation requirement. The claimant must show that the materially deceptive act caused actual harm. *See Small v. Lorillard Tobacco Co.*, 679 N.Y.S.2d 593 (1st Dept. 1998) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)). Injury is not established or presumed from the mere fact that an alleged deceptive act or practice has occurred. Nor is it established where the claimant merely expresses remorse at the transaction. The court in *Small*

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 17 -

CASE NO. 4:17-CV-04871-HSG

1  rejected the theory that consumers who would not have purchased the product but for the alleged

2  misrepresentation had sustained an injury under section 349.   *Small v. Lorillard Tobacco Co.*,

3  94 N.Y.2d 43, 56 (1999).  The rationale for this rule is that a supposedly deceived consumer received

4  and retained a thing of value, even if it was not precisely what they believed they were receiving.  *See*

5  *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 362 (E.D.N.Y. 2014).

6  Plaintiff Cruz alleges that she purchased a new 2014 Nissan Sentra for "about $18,000."

7  FAC ¶ 84.  While she alleges that the vehicle made certain noises and had some performance

8  issues, (*id.* ¶¶ 85–89), she does not allege that the vehicle—which she has driven for more than

9  20,000 miles in less than two years—is worth less than what she paid for it.  She does not allege

10  that the nondisclosure of the asserted defect allowed NNA to charge a price premium.  Nor does she

11  allege that she has sustained out-of-pocket loss through repair expenses or otherwise.  The only

12  form of economic loss that could possibly be applied to her claim is the collective allegation that

13  Plaintiff and the class members "would not have purchased or leased their vehicles, or would have

14  paid significantly less them" if they had known of the alleged defect.  FAC ¶ 59.  Yet, those "would

15  not have purchased" allegations are the very ones that have been rejected by the New York courts.

16  *See Brady v. BasicResearch, LLC*, 101 F. Supp. 3d 217, 236 (E.D.N.Y. 2016); *Diamond v. Darden*

17  *Rest., Inc.*, 2014 WL 3277105, at *9 (S.D.N.Y. July 6, 2014).  Her claim fails as a matter of law.

18  
19  **H.**    **Plaintiff Jayavelu Fails to State a Viable Class Claim for Violation of the Ohio
Consumer Sales Practices Act (Count 7).**

20  Pursuit of a class action under the Ohio CSPA requires Plaintiffs "to allege that defendant

21  had prior notice that its conduct was 'deceptive or unconscionable.'"  *Pattie v. Coach, Inc.*, 29 F.

22  Supp. 3d 1051, 1055 (N.D. Ohio 2014) (quoting Ohio Rev. Code Ann. § 1345.09(B)); *see also*

23  *Robins v. Glob. Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 648 (N.D. Ohio 2012).  "Prior notice

24  may be in the form of 'an act or practice determined by [an Ohio court] to violate section 1345.02,

25  1345.03, or 1345.031 of the Revised Code and committed after the decision containing the

26  determination has been made available for public inspection [by the Attorney General] under

27  division (A)(3) of section 1345.05 of the Revised Code.'"  *Pattie*, 29 F. Supp. 3d at 1056 (quoting

28  Ohio Rev. Code Ann. § 1345.09(B) (alterations in *Pattie*)).  "Lack of prior notice *requires*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 18 -

CASE NO. 4:17-CV-04871-HSG

1   *dismissal of class action allegations*." *Id.* (emphasis added).  Plaintiffs appear to acknowledge the

2   Ohio CSPA's notice requirement (*see* FAC ¶ 202), and they direct this Court's attention to thirteen

3   cases as evidence of their compliance.  As set forth below, even a cursory review of Plaintiffs' cases

4   reveals that they have not pleaded the kind of notice the statute requires.  Accordingly, Plaintiffs'

5   Ohio Subclass claims brought under the Ohio CSPA fail as a matter of law.

6          **1.     Plaintiffs Fail to Rely on "Decisions" Made Available by the Attorney General.**

7          As set forth above, only "decisions" made available by the Ohio Attorney General

8   constitute notice under the Ohio CSPA.  Ohio Rev. Code Ann. § 1345.09(B).  Consent decrees

9   and awards of default judgment do not constitute "decisions" under the Ohio CSPA.  *See Pattie*,

10  29 F. Supp. 3d at 1056–1957 (rejecting citations to consent decrees and default judgment award);

11  *see also Robins*, 838 F. Supp. 2d at 649 (rejecting reliance on consent judgments for prior notice);

12  *accord Kline v. Mortg. Elec. Sec. Sys.*, 2010 WL 6298271 (S.D. Ohio Dec. 30, 2010*), report and*

13  *recommendation adopted sub nom. Kline v. Mortg. Elec. Reg. Sys., Inc.*, 2011 WL 1125346 (S.D.

14  Ohio Mar. 25, 2011) (same).  Plaintiffs' citations to consent decrees or default judgments must be

15  disregarded.  *See* FAC ¶ 202 (citing *State ex rel. Betty D. Montgomery v. Ford Motor Co.*, OPIF

16  No.  10002123  (2002)  (consent  decree);  *State  ex  rel.  Betty  D.  Montgomery  v.*

17  *Bridgestone/Firestone, Inc.*, OPIF No. 10002025 (2001) (same); *State ex rel. Jim Petro v.*

18  *Craftmatic Org., Inc.*, OPIF No. 10002347 (2005) (same); *Brown v. Spears*, OPIF No. 10000403

19  (1981) (default judgment).

20          **2.     Plaintiffs' Other Cited Cases Do Not Provide the Notice Required By the**
21                  **Ohio CSPA.**

22          "To qualify as sufficient notice, the defendant's alleged violation of the O[hio] CSPA

23  must be 'substantially similar to an act or practice previously declared to be deceptive by one of

24  the methods identified in R.C. 1345.09(B).'"  *Pattie*, 29 F. Supp. 3d at 1055.  None of Plaintiffs'

25  cases satisfies this requirement.

26          For example, Plaintiffs cite *Cranford v. Joseph Airport Toyota, Inc.*, OPIF No. 100001586

27  (1996).[6]  But *Cranford* involved the rescission of a "contract to purchase an automobile upon a

---

[6] Available at http://opif.ohioattorneygeneral.gov/opifimages/4T6S91L8.PDF.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT          - 19 -          CASE NO. 4:17-cv-04871-HSG

1    finding that the seller had violated the [Ohio CSPA]" (*id.* at 395) "by (1) back-dating a sales

2    contract; (2) by using the term 'M.S.R.P.' in the sales contract though the [vehicle at issue] was a

3    used vehicle; and (3) by failing to sell [the vehicle at issue] to the [plaintiffs] at the price

4    advertised." *Id.* at 396–397.  No such allegations exist here.  Likewise, *State ex rel. William J.*

5    *Brown v. Harold Lyons*, OPIF No. 100000304 (1979)[7] involved a scheme to knowingly sell

6    defective used home appliances to unsuspecting customers.  Nothing in that court's opinion is even

7    comparable, much less "substantially similar," to the issues presented here.  *Pattie*, 29 F. Supp. 3d

8    at 1055.  Further, *Brinkman v. Mazda Motor of Am., Inc.*, OPIF No. 10001427 (1993)[8] did **not**

9    involve Ohio's CSPA.  *See id.* at 2 ("This appeal has been brought, however, only as to appellant's

10   Lemon Law claims against Mazda.").  Indeed, *Brinkman* does not even discuss "unconscionable or

11   deceptive" practices under the Ohio CSPA.  *Pattie*, 29 F. Supp. 3d at 1055.  *Khouri v. Don Lewis*,

12   OPIF No. 10001995 (2001)[9] suffers similar defects.  *Khouri* was an action brought against an

13   automotive repair service arising out of the repair shop's "falsely and fraudulently represent[ing]

14   that [plaintiff's] engine was rebuilt, when in fact it was not . . . ."  *Id.* at 174.  After repeated

15   attempts to seek repair of the (supposedly rebuilt) engine, the consumer learned that the engine was

16   never in fact rebuilt, and sued for violations of the Ohio CSPA.  *Id.* at 165–68.

17           Patently distinguishable on its face, *Khouri* cannot support the statutory notice requirements

18   of the Ohio CSPA.  The same is true for *Mosley v. Perf. Mistubishi aka Automanage*, OPIF No.

19   10001326 (1992).[10]  In *Mosley*, the jury found that "Defendant breached its' extended warranty or

20   service contract with the Plaintiff . . . ."  *Id.* at 1.  The court then observed "that the failure of the

21   Defendant . . . to honor the expressed written warranties on the vehicle purchased by the Plaintiff

22   constitutes a deceptive act and practice . . . ."  *Id.*  *Mosley* therefore is not—as Plaintiffs generically

23   contend—a state court decision giving notice that the challenged practices here are "unconscionable

24   or deceptive" under the Ohio CSPA.  Plaintiffs' other cases are similarly unavailing.  *See Walls v.*

25   ――――――――――――

     [7] Available at http://opif.ohioattorneygeneral.gov/opifimages/PIF304.pdf/.

26   [8] Available at http://opif.ohioattorneygeneral.gov/opifimages/C4T6RSRMY.PDF.

27   [9] Available at http://opif.ohioattorneygeneral.gov/opifimages/4TMNLNBS.pdf.

28   [10] Available at http://opif.ohioattorneygeneral.gov/opifimages/4T6N45NT.PDF.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT          - 20 -          CASE NO. 4:17-CV-04871-HSG

1  *Williams dba Butch's Auto Sales*, OPIF No. 10001524 (1995) (enjoining defendant from violating

2  the Ohio CSPA); *Borror v. MarineMax of Ohio*, OPIF No. 10002388 (2007) (relating to specific

3  representations that boat had sustained only "minor, non-structural damage" when it had in fact

4  "sustained sever structural damage"); *Mason v. Mercedes Benz USA, LLC*, OPIF No. 10002382

5  (2005) (relating to vehicle requiring over twenty instances of repair for various alleged defects);

6  *Bellinger v. Hewlett-Packard Co.*, OPIF No. 10002077 (2002) (finding that "neither the affirmative

7  representations nor any unstated implications made by HP with respect to its ink cartridges support

8  a claim that HP engaged in deceptive or unconscionable acts or practices under [the Ohio CSPA]").

9  Accordingly, the Ohio CSPA claim should be dismissed insofar as it seeks to assert claims on

10  behalf of an Ohio subclass.

11
12
## I.   **Plaintiffs, Who Affirmatively Plead the Existence of an Express Contract, Fail to State a Claim for Unjust Enrichment (Count 15).**

13       Plaintiffs assert a claim for unjust enrichment but this claim is inconsistent with the

14  existence of the express warranty contract between the parties.  Unjust enrichment is a quasi-

15  contractual theory and thus is precluded by the existence of a valid and enforceable written

16  contract governing the particular subject matter.  *See Bristol Village, Inc. v. Louisiana-Pacific*

17  *Corp.*, 916 F. Supp. 2d 357, 366-67 (W.D.N.Y. 2013); *Gerlinger v. Amazon.Com, Inc.*, 311

18  F. Supp. 2d 838 (N.D. Cal. 2004); *see also Clinical Tech., Inc. v. Covidien Sales, LLC*, 192 F.

19  Supp. 3d 223, 239 (D. Mass. 2016); *Stanford v. Ronald H. Mayer Real Estate, Inc*., 849 P. 2d

20  921, 923 (Colo. App. 1993).

21       Here, Plaintiffs expressly plead that NNA issued a written warranty conferring certain

22  rights upon them.  Indeed, their first claim is premised entirely upon this written warranty.

23  Moreover, the written warranty as alleged by Plaintiffs directly addresses NNA's responsibility

24  for any defects, establishing that it must repair or replace defects in materials and workmanship

25  only, and only during the time periods and mileage limitations set forth in the warranty.

26  Consequently, the existence of the warranty, the existence and validity of which is not in dispute,

27  precludes the application of any quasi-contractual theory such as unjust enrichment.  *See In re*

28  *Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 664 F. Supp. 2d 752, 764

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT                    - 21 -                    CASE NO. 4:17-CV-04871-HSG

1    (E.D. Mich. 2009) (California law); *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 472

2    (S.D.N.Y. 2014).

3    **J.**     <u>**Plaintiffs' Equitable Relief Claims Must Be Dismissed Because Adequate Remedies**</u>

4    <u>**at Law Exist (Counts 1 through 13 and Count 15).**</u>

5        As the United States Supreme Court has observed, "[i]t is a basic doctrine of equity

6    jurisprudence that courts of equity should not act . . . when the moving party has an adequate

7    remedy at law and will not suffer irreparable injury if denied equitable relief." *Morales v. Trans*

8    *World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal citations omitted). "Consequently '[a]

9    plaintiff seeking equitable relief . . . must establish that there is no adequate remedy at law

10    available.'" *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) (quoting *Philips*

11    *v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015)).

12        Falk's UCL claim is limited by statute to equitable remedies. *See Madrid v. Perot Sys.*

13    *Corp.*, 130 Cal. App. 4th 440, 452 (2005) ("'[I]t is well established that individuals may not

14    recover damages' under the UCL." (quoting *Korea Supply Co. v. Lockheed Martin Corp.* 29

15    Cal.4th 1134, 1150 (2003) (alterations added))). As set forth above, Macri's claim under the

16    Illinois UDTPA is also limited to equitable relief. *See Purcell v. Spokeo, Inc.*, 2014 WL

17    4187157, at *4 (C.D. Cal. Aug. 25, 2014) (citing 815 Ill. Comp. Stat. 510/3).

18        "[S]everal courts in this district have barred claims for equitable relief—including claims

19    for violations of California consumer protection statutes—at the motion to dismiss stage where

20    plaintiffs have alleged other claims presenting an adequate remedy at law." *Munning*, 238 F.

21    Supp. 3d at 1195; *see also Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept.

22    8, 2016) (dismissing claims for equitable relief under the CLRA and UCL, because plaintiff's

23    other claims presented her an adequate remedy at law); *Durkee v. Ford Motor Co.*, 2014 WL

24    4352184, at *3 (N.D. Cal. Sept. 2, 2014) ("Because the UCL provides for only equitable

25    remedies, and plaintiffs have an adequate remedy at law for the alleged Song–Beverly Act

26    violation, plaintiff's UCL claim must be dismissed."); *Gardner v. Safeco Ins. Co. of Am.*, 2014

27    WL 2568895, at *7 (N.D. Cal. June 6, 2014) (dismissing UCL claim and explaining that "the

28    money damages available to [the plaintiff] in the event he prevails on his claims for breach of

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT     - 22 -     CASE NO. 4:17-CV-04871-HSG

1    contract and breach of the implied covenant of good faith and fair dealing may provide an

2    adequate remedy [at law].”); *Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *3 (N.D. Cal. May

3    31, 2011) (dismissing plaintiffs’ UCL claim because “money damages will provide Plaintiffs with

4    an adequate remedy if they prevail on their products liability claims”).

5          This Court recently addressed nearly identical issues presented here in *Nguyen v. Nissan

6    N. Am., Inc.*, 2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) (Koh, J.).  The plaintiff in *Nguyen*—

7    like Plaintiffs here—sought claims for “damages under the CLRA, Song-Beverly Act, and

8    Magnuson-Moss Act” arising out of allegedly defective transmissions.  *Compare id.* at *4, *with*

9    FAC (Counts 3-5).  “At the same time, Plaintiff [Nguyen] request[ed] equitable relief in the form

10   of ‘a restitutionary redesign program’ and an injunction compelling Nissan to repair class vehicles

11   at no cost to class members.”  *Id.* at *4.[11]  The court dismissed plaintiff’s claims for equitable

12   relief sought under the UCL and CLRA “because Plaintiff ha[d] an adequate remedy at law in the

13   form of Plaintiff’s claims for damages.”  *Id.* at *3.  In addition, the court dismissed plaintiff’s

14   “equitable relief in the form of ‘a restitutionary redesign program’ and an injunction requiring

15   Defendant to repair and replace Plaintiff’s transmission,” [because] Plaintiff ha[d] an adequate

16   remedy at law.”  *Id.* at *4.  The same result should follow here.

17         Plaintiffs’ FAC is replete with requests for legal remedies.  *See, e.g.*, Counts 1–5; 7–10;

18   and 12.  And Plaintiffs’ FAC contains no serious factual allegations of inadequacy.  *Philips*, 2015

19   WL 4111448, at *16.[12]  Nor could Plaintiffs make such an allegation.  Instead, Plaintiffs’ legal

20   remedies—including damages pursuant to the CLRA, Song-Beverly Act, and Magnuson-Moss

21   Act—are adequate at law.  *See Nguyen*, 2017 WL 1330602, at *4; *accord Durkee*, 2014 WL

22   4352184, at *3.  Accordingly, Plaintiffs’ common law and statutory claims for equitable relief, as

23   well as for unjust enrichment should be dismissed.

24

25   [11] Plaintiff Nguyen’s proposed “restitutionary redesign program” was one “whereby Nissan must
     ‘disgorge any profits from the sale of the defective Class Vehicles into a fluid recovery fund used

26   specifically to pay for a program whereby Nissan will develop the fix’ to repair the alleged
     [vehicle defect].”  *Id.* at *4.

27   [12] “Statutory relief under the UCL is subject to fundamental equitable principles, including
     inadequacy of the legal remedy.”  *Philips*, 2015 WL 4111448, at *16 (internal quotation marks

28   and citation omitted)).

Drinker Biddle &
Reath LLP
Attorneys at Law
San Francisco

Defendant NNA’s Motion to Dismiss
Plaintiffs’ First Amended Complaint                    - 23 -                    Case No. 4:17-cv-04871-HSG

**K.** **Plaintiffs Are Not Entitled to Seek Restitution (Counts 1 through 13 and Count 15).**

Plaintiffs broadly seek restitution under most of their purported claims for relief. *See* FAC Counts 1 through 13 and Count 15. Plaintiffs' Prayer for Relief also includes a request for restitution. *See* FAC at 52:11. Restitution is the only form of monetary relief available under the UCL. *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992) ("damages are not available under section 17203").

Restitution "is confined to restoration of any interest in 'money or property, real or personal, which may have been *acquired* by means of such unfair competition.'" *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 336 (2011) (emphasis in original) (internal citations omitted). If a court awards restitution against a defendant, the order "requires both that money or property have been lost by a plaintiff, on the one hand, ***and that it have been acquired by a defendant***, on the other." *Id.* (emphasis added); *see also Bank of the West*, 2 Cal. 4th at 1268 (with restitution, "defendant is asked ***to return*** something he wrongfully received") (emphasis added); *accord Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1206 (Colo. App. 2009) (explaining that restitution is appropriate to recover "the gain acquired by the defendant through the wrongful act") (internal citation omitted); *Zappella v. Marlborough Coop. Bank*, 2003 WL 21500559, at *5 (Mass. Super. June 11, 2003) (finding no right to restitution where "[plaintiff ] did not pay the $43,091.66, and so lost no money or property as a result of the [defendant's] claiming it"); *Johnson v. Microsoft Corp.*, 2005-Ohio-4985, ¶ 22, 106 Ohio St. 3d 278, 286, 834 N.E.2d 791, 799 (denying right to restitution because "no economic transaction occurred between [plaintiff] and [defendant], and, therefore, [plaintiff] cannot establish that [defendant] retained any benefit to which it is not justly entitled") (internal quotation marks and citation omitted); *F.T.C. v. Verity Int'l, Ltd.*, 443 F.3d 48, 68 (2d Cir. 2006) (explaining manifest error in calculating restitution where lower court did not determines how much of "sum was in fact received by defendants"); *Cowen v. Bank United of Texas FSB*, 1995 WL 38978, at *8 (N.D. Ill. Jan. 25, 1995), *aff'd,* 70 F.3d 937 (7th Cir. 1995) ("Restitution is only available when a defendant has wrongfully and unjustly obtained a benefit from the plaintiff.").

Plaintiffs fail to allege any gain by NNA to state a claim for restitution. Indeed, only Plaintiff Trotter alleges to have spent any money other than the initial vehicle purchase: $122

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 24 -

CASE NO. 4:17-CV-04871-HSG

that she allegedly paid to "Woodmen Nissan" "for labor involved in the diagnosis" of a "potential internal CVT transmission issue" after the expiration of her warranty. FAC ¶ 91, 95. Plaintiffs do not otherwise allege that NNA charged or was paid *any* money in connection with *any* of their repairs. Nor could Plaintiffs do so, as any repairs would have been performed at no charge to Plaintiffs as they would have been covered by NNA's express warranty. Because NNA has not "acquired" anything from Plaintiffs through payments to repair their vehicles, Plaintiffs' equitable remedy of restitution fails. *See, e.g.*, *Sanbrook v. Office Depot, Inc.*, 2008 WL 1994884, at *5 (N.D. Cal. May 5, 2008) ("The money Sanbrook paid for third party repair is not money that *Office Depot* obtained through any alleged unfair business practice. Therefore, Sanbrook does not have standing to seek restitution under the UCL based on the allegations of her complaint." (emphasis in original)). Finally, any claim for restitution based on the value of the vehicle also fails because Plaintiffs did *not* purchase their vehicles from NNA. And restitution is only available where the sum at issue can "clearly be traced to particular funds or property in the defendant's possession." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 699 (2006); *see also Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1324 (C.D. Cal. 2013) (dismissing UCL restitution claim because purchase price of vehicle could not be traced to funds in defendant's possession).

## L.    Plaintiffs Fail to State a Valid Claim for Declaratory Relief (Counts 13 and 14).

The declaratory judgment sought in the FAC pertains entirely to NNA's alleged liability for its past claimed actions. *See* FAC Counts 13 and 14. Plaintiffs do not allege that any contract or statute needs to be construed to guide the parties' future conduct. Plaintiffs assert that there is an actual controversy between the parties regarding "whether the vehicles' transmission defect creates an unreasonable safety hazard" (FAC ¶ 273) but that is simply a factual dispute underlying some of Plaintiffs' legal claims. Likewise the requested declaration that the vehicles are defective and that the defect is covered by a warranty (*Id.* ¶ 275) simply duplicates Plaintiffs' breach of express warranty claim. The argument that the warranty "fails of its essential purposes" (*Id.*) is of no moment because such a finding would only permit Plaintiffs to avoid a limitation of a remedies provision contained within the warranty itself. *See* Cal. Com. Code § 2719. Plaintiffs

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

- 25 -

CASE NO. 4:17-CV-04871-HSG

do not allege that the express warranty has a relevant remedial limitation.

A court properly exercises its discretion by declining to entertain a claim for declaratory relief if a declaratory judgment would serve no useful purpose. *See Wilton v Seven Falls Co.*, 515 U.S. 277, 288 (1995). Where an adequate legal remedy exists or the declaratory claims only serve to duplicate more germane causes of action, the court should decline to exercise its jurisdiction. *Cont'l Cas. Co. v. Nationwide Ins. Co.*, 2014 WL 12607694, at *7 (C.D. Cal. Nov. 3, 2014) (collecting cases). *See also Mangadin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009) (explaining declaratory relief that is commensurate with relief sought through other causes of action is duplicative and unnecessary). The present case is a classic example of request for declaratory relief that brings no issue to the table beyond those covered by other, more substantive causes of action. If Plaintiffs prove their other claims, a declaratory judgment would add nothing to their relief. If, as NNA expects, they fail to prove their legal claims, they would not be entitled to declaratory relief in any event. The claim serves no purpose and should be dismissed.

## V.

## CONCLUSION

For the foregoing reasons, NNA respectfully requests that its Motion be granted in its entirety.

Dated: October 26, 2017                    DRINKER BIDDLE & REATH LLP


                                           By: /s/ Michael J. Stortz
                                               Michael J. Stortz
                                               Marshall L. Baker
                                               E. Paul Cauley, Jr. (*pro hac vice*)

                                           Attorneys for Defendant
                                           NISSAN NORTH AMERICA, INC.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT
- 26 -
CASE NO. 4:17-cv-04871-HSG