BRONSTEIN, GEWIRTZ & GROSSMAN
Shimon Yiftach, Esq. (SBN 277387)
shimony@bgandg.com
1925 Century Park East, Suite 1990
Los Angeles, CA 90067
T: (424) 322-0322
F: (212) 697-7296

Attorney for Plaintiffs
[Additional counsel appear on signature page]

MICHAEL J. STORTZ (SBN 139386)
michael.stortz@dbr.com
MARSHALL L. BAKER (SBN 300987)
marshall.baker@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone:    415-591-7500
Facsimile:    415-591-7510

E. PAUL CAULEY (*pro hac vice*)
paul.cauley@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201-7367
Telephone:    469-357-2500
Facsimile:    469-327-0860

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE FALK, INDHU JAYAVELU, PATRICIA L. CRUZ, DANIELLE TROTTER, CYNTHIA GARRISON, AND AMANDA MACRI, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>　　　　　　　Defendant. | Case No. 4:17-cv-04871-HSG<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL**<br><br>Judge:　Hon. Haywood S. Gilliam, Jr. |

As requested and agreed to by Plaintiffs Michelle Falk, Indhu Jayavelu, Patricia L. Cruz, Danielle Trotter, Cynthia Garrison, and Amanda Macri ("Plaintiffs") and Defendant Nissan North America, Inc. ("NNA" or "Defendant") (collectively, the "Parties"), the parties request that the Court issue this proposed Protective Order (the "Protective Order") to facilitate document disclosure and production in the above-captioned action (referred to as the "Litigation") under the Local Rules of Northern District of California and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Protective Order, this Protective Order shall apply to the Litigation and remain in effect through the conclusion of the Litigation.

In support of this Protective Order, the parties state that:

1. The Litigation concerns claims that model year 2013-2017 Nissan Sentra vehicles have an alleged transmission defect. Documents and/or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in the Litigation;

2. The parties to the Litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this Litigation, the following Protective Order should issue:

**IT IS THEREFORE STIPULATED THAT:**

1. Documents, including photographs, drawings, films, videotapes or other writings, including lists or compilations thereof, answers to interrogatories, responses to other discovery requests and deposition testimony or discovery by any party in this Litigation that qualify for protection under Federal Rule of Civil Procedure 26(c) are referred to as "Confidential Material."

1  Except as otherwise indicated below, all documents, including photographs, drawings, films, videotapes or other writings, including lists or compilations thereof, answers to interrogatories, responses to other discovery requests and deposition testimony designated by the producing party as "Confidential," "Subject to Protective Order," or any combination thereof, and which are disclosed or produced to the attorneys for the other parties to this Litigation are Confidential Material and are entitled to Confidential treatment as described below.

2. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate designations are prohibited. Designations that are shown to clearly have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other Parties that it is withdrawing the mistaken designation.

3. Confidential Material shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for Confidential treatment.

4. All documents marked Confidential and identified as exhibits to the deposition are subject to this Order. All deposition testimony shall be treated as Confidential and subject to the full protection of this Order for forty-five (45) days following the deposition. After such time, only those portions of any transcript designated as "Confidential" by a designating party shall be deemed Confidential. To designate a portion of a transcript as "Confidential", a party must provide written notice to all Parties and the stenographer identifying, by page and line number, the Confidential testimony.

5. If at any time during the Litigation a party disputes the designation of discovery material as Confidential, the objecting party will notify the designating party in writing of such dispute, and request in writing a conference for the parties to confer in a good faith effort to resolve the dispute. It shall be the responsibility of counsel for the objecting party to arrange for this conference within fourteen (14) days of the request for a conference. The objecting party's notice will identify the material in dispute and explain the basis for the objection. If no response is provided within fourteen (14) days of the objecting party's request for a conference, then the Confidential Material in dispute will no longer be subject to Confidential treatment as provided in this Stipulated Protective Order.

5.1 If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the objecting party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

5.2 The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the objecting party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's

STIP. PROTECTIVE ORDER RE
CONFIDENTIAL DISCOVERY MATERIAL - 4 - CASE NO. 4:17-CV-04871-HSG

designation until the Court rules on the challenge.

6. Confidential Treatment. Confidential Material and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below. Confidential Material may be copied only by the parties' counsel in the Litigation or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Protective Order, and control and distribution of Confidential Material and copies thereof will be the responsibility of such counsel, who will maintain all written assurances executed by such persons as provided in Paragraph 8.

7. Confidential Material and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    a. The named parties, including the officers, directors, and employees (including House Counsel) of the parties to whom disclosure is reasonably necessary for the Litigation;

    b. counsel of record in the Litigation for the designating party or party receiving Confidential Material or any information contained therein;

    c. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the Litigation;

    d. An independent contractor or expert retained by counsel to provide assistance, expert advice, technical consultation, language translation, or testimony in the Litigation and the employees of any such contractors, experts, consultants or similar persons when working in connection with the Litigation under direct supervision of said person;

    e. Court reporters transcribing depositions in the Litigation;

    f. Any witness at deposition (as contemplated by Paragraph 4), trial, or hearing in the Litigation;

    g. The Court (including the Court's administrative and clerical staff).

Confidential Material shall not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure shall be only to the

extent reasonably necessary for the effective prosecution and defense of the claims in the Litigation. Confidential Material and any information contained therein shall be used by the receiving party or parties solely for the prosecution of the Litigation and shall not be used by the receiving party or parties for any other purpose or in any other litigation.

8. Prior to the disclosure of any of the materials or information covered by this Protective Order to persons identified in paragraph 7 (d)-(f) of this Order, counsel disclosing the materials or information shall present the person with a copy of this Order. After reading the Order, such persons shall initial each page of a copy of the Order and shall sign the attached form of "Acknowledgment of Protective Order" (the "Acknowledgement"). Copies of each such signed Order and Acknowledgement shall be maintained by counsel disclosing the materials or information. In the event that any of these individuals are identified or designated as witnesses or as experts who may testify in the Litigation, a copy of each such signed Order and Acknowledgement shall be provided to opposing counsel at the time of the designation.

9. Counsel of record for the party or parties receiving Confidential Material may create an index of the Confidential Material and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Confidential Material. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Confidential Material shall maintain a current log of the names and addresses of persons to whom the index was furnished.

10. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

11. To the extent that Confidential Material or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Protective Order.

12. Any court reporter or transcriber who reports or transcribes testimony in the

1 Litigation shall agree that all "Confidential" information designated as such under this Order shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material. A party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a party's request to file Confidential Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the party may file the information in the public record pursuant to Civil Local Rule 79-5(e), unless otherwise instructed by the Court.

14. Inadvertent or unintentional production of documents or information containing Confidential Information that are not designated "Confidential" shall not be deemed a waiver, in whole or in part, of a claim for Confidential treatment.

15. Documents unintentionally produced without designation as "Confidential" at any time during the Litigation may be retroactively designated by notice in writing of the designated classification applicable to each document by Bates number, and by providing replacement copies of such documents with the appropriate designation, unless such documents have already been filed with the Court. Upon receipt of the replacement documents, the receiving party shall thereafter return the documents being replaced to the producing party. Such documents shall be treated as "Confidential" from the date written notice of the designation is provided to the receiving party. A person disclosing any materials that are subsequently designated as "Confidential" shall in good faith assist the party making the supplemental designation in retrieving such materials from all recipients not entitled to such materials under the terms of this Protective Order and to prevent further disclosures except as authorized under the terms of this

Protective Order. Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

16. Pursuant to Federal Rule of Evidence 502(d) the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Said protection exists with respect to such document or other documents or communications, written or oral, including, without limitation, other communications referred to in the documents produced. Upon request, such inadvertently produced documents, and all copies thereof, shall be sent to the producing party, sequestered or destroyed within five (5) days of the date of the request, unless such documents have already been filed with the Court. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility or relevance. Nothing in this Paragraph shall prejudice the right of any party to seek discovery or communications, documents and things as to which a claim of attorney-client privilege or attorney work-product has been made.

17. The party or parties receiving Confidential Material shall not under any circumstances sell, offer for sale, advertise, or publicize Confidential Material or any information contained therein.

18. If any party receives a subpoena from any non-party to this Protective Order seeking production or disclosure of Confidential Material, the subpoenaed party shall give notice, as soon as practicable and in no event more than three (3) business days after receiving the subpoena and at least seven (7) business days before providing materials responsive to the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena, such that the designating party may assert its rights, if any, to non-disclosure.

19. Any documents produced by a non-party witness in discovery in the Litigation pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the

same duties, obligations, and remedies as if made by one of the parties hereto.

20. After termination of the Litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Material for enforcement of the provisions of this Protective Order following termination of the Litigation.

21. Within thirty (30) days of termination of the Litigation by dismissal, judgment, or settlement, including any appeals, counsel for the party or parties receiving Confidential Material shall return the Confidential Material, including all copies to counsel for the party or parties disclosing or producing the Confidential Material or alternatively, the parties shall provide certification under oath under penalty of perjury under the laws of the United States of America confirming that counsel have destroyed all documents within their possession, custody or control. The party or parties receiving Confidential Material shall undertake reasonable and good faith efforts to ensure that any person to whom they provided copies of any Confidential Information complies with this obligation. This provision will not apply to court filings or file copies of pleadings, briefs or correspondence or other work product maintained by the parties' respective counsel in the ordinary course of business.

22. This Protective Order shall be binding on any party to this Protective Order or any person having executed the attached Exhibit A. This Protective Order also shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

23. If other parties are added to the Litigation, no Confidential Material previously exchanged, produced, or used herein will be disclosed to such other parties or their counsel except upon their agreeing to be bound by the provisions of this Protective Order. This provision does not prejudice any party's rights to otherwise object to the production or disclosure of Confidential Material or non-confidential documents or other information to a party added to the Litigation.

24. This Protective Order is without prejudice to the right of any party to move the

Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Protective Order, and such right is expressly reserved.

**IT IS SO STIPULATED.**

Dated: May 24, 2018         DRINKER BIDDLE & REATH LLP

By: /s/ Michael J. Stortz
  Michael J. Stortz
  Marshall L. Baker
  E. Paul Cauley, Jr. (*pro hac vice*)

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

Dated: May 24, 2018         BRONSTEIN GEWIRTZ & GROSSMAN

By: /s/ Shimon Yiftach
  Shimon Yiftach

Gary E. Mason*
Jennifer S. Goldstein
WHITFIELD BRYSON & MASON, LLP
5101 Wisconsin Ave., NW
Suite 305
Washington, D.C. 20016
T: (202) 429-2290
F: (202) 429-2294
gmason@wbmllp.com
jgoldstein@wbmllp.com

Lawrence Deutsch*
Jeffrey Osterwise*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
T: (215) 875-3062
F: (215) 875-4604
ldeutsch@bm.net
josterwise@bm.net

Jordan L. Lurie
Tarek H. Zohdy
Cody R. Padgett
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067

| | |
|---|---|
| | T: (310) 556-4811<br>F: (310) 943-0396<br>Jordan.Lurie@capstonelawyers.com<br>Tarek.Zohdy@capstonelawyers.com<br>Cody.Padgett@capstonelawyers.com |
| | Nicholas A. Migliaccio*<br>Jason S. Rathod*<br>MIGLIACCIO & RATHOD, LLP<br>412 H Street N.E., Ste. 302<br>Washington, DC 20002<br>T: (202) 470-3520<br>F: (202 800-2730<br>nmigliaccio@classlawdc.com<br>jrathod@classlawdc.com |
| | Gary S. Graifman, Esq.*<br>Jay I. Brody, Esq.**<br>KANTROWITZ GOLDHAMER<br>& GRAIFMAN, P.C.<br>747 Chestnut Ridge Road, Suite 200<br>Chestnut Ridge, New York 10977<br>T: (845) 356-2570<br>F: (845) 356-4335<br>ggraifman@kgglaw.com<br>jbrody@kgglaw.com |

Attorneys for Plaintiffs

  * Admitted *pro hac vice.*
** *Pro hac vice* to be filed

### **Attestation Pursuant to Civil Local Rule 5-1(i)**

Pursuant to Civil Local Rule 5-1(i), I, Michael J. Stortz, hereby attest that I have obtained concurrence in the filing of this document from the other signatory to this document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 24th day of May, 2018 in San Francisco, California.

By: /s/ Michael J. Stortz
      Michael J. Stortz

**PURSUANT TO STIPULATION, IT SO ORDERED.**

DATED: June 15, 2018

Hon. Haywood S. Gilliam, Jr.
U.S. District Judge

|  |  |
|---|---|
| MICHELLE FALK, INDHU JAYAVELU, PATRICIA L. CRUZ, DANIELLE TROTTER, CYNTHIA GARRISON, AND AMANDA MACRI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 4:17-cv-04871-HSG<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL**<br><br>Judge:   Hon. Haywood S. Gilliam, Jr. |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA

I hereby acknowledge that I have read the Stipulated Protective Order Regarding Confidential Discovery Material ("Protective Order") entered in *Falk, et al. v. Nissan North America, Inc.*, Case No. 4:17-cv-04871-HSG, understand its terms, agree to be bound by each of those terms, and agree to submit myself to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcing the terms of the Protective Order. Specifically and without limitation upon such terms, I further agree that I will not disseminate, use or disclose any Confidential Material protected by the Protective Order that I have received and/or reviewed in this case to anyone other than the Qualified Persons defined in Paragraph 7 of the Protective Order.

Dated: ___ day of _____, 20___.

_____
Signature

_____
Printed Name